STATE ex rel. A. A. WARREN v. WALTER PELTIER.[1]

December 20, 1907.

Nos. 15,398—(140).

**Village Indebtedness.**

*Held*, following Bradish v. Lucken, 38 Minn. 186, construing Laws 1885, c. 145, that a village organized pursuant to such statute is not, either before or after its separation from the township, liable to be taxed for indebtedness incurred on account of township roads and bridges, and that, as so construed, the statute is constitutional.

Upon the relation of the chairman of the board of supervisors of the town of Staples, the district court for Todd county issued its alternative writ of mandamus, directed to the auditor of that county, requiring him to extend certain taxes against property in the village of Staples for the purpose of collecting its proportionate share of certain bonds issued by the town of Staples. The matter was tried before Taylor, J., who found as conclusion of law that the village of Staples was not liable for any part of certain bonds issued for road and bridge purposes by the town of Staples, but was liable for its proportionate share of other bonds, and directed the issue of a peremptory writ. From the judgment entered thereon, petitioner appealed. Affirmed.

*H. J. Maxfield,* for appellant.

*Arthur B. Church* and *Geo. W. Peterson,* for respondent.

START, O. J.

Mandamus to compel the county auditor of the county of Todd to extend against the taxable property of the village of Staples its ratable share of a tax levied by the town of Staples to pay certain bonds issued by the town for road and bridge purposes. From the facts found by the trial court, which were admitted by the parties, the court found as a conclusion of law that the village of Staples was not liable for any part of the bonds so issued. The relator appealed from a judgment entered in accordance with such conclusion of law.

[1] Reported in 114 N. W. 90.

The only error here assigned is that the conclusion of law was not justified by the facts found, which are substantially these: The town of Staples is a duly organized town under the laws of this state relating to the organization of townships, and in the month of June, 1900, it consisted of the whole of a congressional township. The village of Staples was organized, within the territorial limits of the town, many years prior to 1900, pursuant to chapter 145, p. 148, of the Laws of 1885. On September 13, 1902, the village, pursuant to the statute, was separated from the town, and then became, and ever since has been, a separate election and assessment district, but prior thereto it was in the same election and assessment district as the town; that on June 25, 1900, the qualified voters of the town, including those in the village, voted to issue bonds, the proceeds to be used for the purpose of building and repairing the roads and bridges of the town, and the bonds were issued accordingly on August 1, 1900; and, further, that the board of supervisors of the town, on August 24, 1906, adopted a resolution assessing and levying a tax upon the taxable property of both the town and village to pay such bonded indebtedness and certified the same to the respondent as county auditor, who refused to extend any part of the tax upon the property of the village.

These facts raise the question whether the village is liable for the indebtedness of the town incurred for road and bridge purposes. The liability of a village organized under chapter 145, p. 148, Laws 1885 for the indebtedness of the town, was considered and determined by this court in the case of Bradish v. Lucken, 38 Minn. 186, 36 S. W. 454, wherein it was held that such a village was liable for the debts incurred by the town for general purposes, but that it was not liable to be taxed for any indebtedness on account of the roads and bridges of the town. This conclusion was based upon the provisions of the statute (sections 33 and 43, c. 145, pp. 164, 167, Laws 1885), which provisions were in force when the road and bridge bonds were voted in this case.

It is urged by counsel for the relator that it was incompetent for the legislature to provide that the village should be a separate road district and not liable for any road and bridge bonds of the township. The reason assigned is that by section 5 of article 11 of the state con-

103 M.—3

stitution township organizations have such powers of local taxation as may be prescribed by law, and, the legislature having authorized the issuing of the bonds voted by the electors of the town and village, the contract relation between them cannot be changed. The statute does not expressly provide that the village shall not be liable to be taxed for any indebtedness of the township for roads and bridges; but the court, in the case cited, held that such was the legal effect of the language used in the statute. In so holding the court necessarily assumed that the statute, so construed, would be constitutional. This construction of the statute was given in 1888, long before the bonds in question were voted by the town and village, and if by such action any contract relation was entered into between the town and village, as suggested by counsel, it was entered into with reference to the statute then in force. The extent to which townships shall be given the power of local taxation is a matter committed by the constitution to the discretion of the legislature and we hold the statute in question, as construed by the court, to be constitutional.

It follows, from the authority of Bradish v. Lucken, that prior to the time when the village was entirely separated from the town in 1902 the village was not liable for the payment of any part of the road and bridge bonds here in question, and, further, that unless the village, upon such separation, became liable for a pro rata share of the road and bridge bonds by virtue of some statute to that effect, there is no liability on the village for any part of such indebtedness, and that the decision of the trial court was right. We find no statute which undertakes to impose upon the village a liability for any part of the township indebtedness for which it was not liable before the separation.

The relator cites in this connection chapters 52, 121, 135, 234, pp. 58, 258, 272, 447, of the Laws of 1897, and chapter 241, p. 273, Laws of 1899. Chapter 52 provides for the separation of villages from towns and an apportionment of their indebtedness. Section 3 thereof provides in such a case that if the village and the town have theretofore jointly or together contracted any bonded or other indebtedness, the county auditor shall apportion the taxes each year necessary to meet the indebtedness as it matures between the taxable prop-

erty of the town and village respectively. Manifestly this refers to indebtedness for which the village was liable before the separation; that is, to indebtedness contracted for municipal purposes other than for roads and bridges. We have examined the other statutes referred to, and find nothing in them to warrant the conclusion that the village is liable for any part of the indebtedness of the town for roads and bridges. It follows that the decision of the trial court was correct.

Judgment affirmed.