## JOSEPH C. VESELY v. VILLAGE OF HOPKINS.[1]

December 15, 1933.

No. 29,632.

*Joseph C. Vesely* and *John J. McKasy,* for appellant.

*Joseph A. Hosp,* for respondent.

[1]Reported in 251 N. W. 680.

*OLSEN, Justice.*

Plaintiff brought suit to recover $580 alleged to be due to him as salary or compensation for services as assessor of defendant village for the year 1932 and $1 for mileage in returning assessment books to the county auditor. His claim had been presented to the village council, and the council had allowed $255 thereof and disallowed the balance. Defendant tendered payment of the $255, which plaintiff refused to accept. Plaintiff claims that he was and is entitled to receive compensation at the rate of $5 per day for services performed, extending through the months of May, June, and July, plus $10 for some extra services in February and March and $1 for mileage in making the return, aggregating in all $581. The defense was that the salary of plaintiff, as village assessor, had been fixed by the village council at the sum of $244 for the year 1932, and defendant offered and tendered payment of that sum, plus $10 for the extra services in February and March and $1 for mileage. The case was tried to the court and findings of fact and conclusions of law made sustaining defendant's claim and holding plaintiff entitled to payment of only the $255 tendered. Plaintiff moved for amended findings of fact and conclusions of law or for a new trial, and appeals from the order denying his motion for a new trial. There is no dispute as to the facts.

■ The decisive question presented for review is whether the village council of the defendant village had the power and authority to fix the salary of the village assessor, an elective officer of the village. The question requires the construction and consideration of certain statutes hereinafter noted.

The defendant village was organized and is operating under L. 1885, c. 145. Some over 300 villages in this state were incorporated and are operating under this same law. The chapter, as stated in its title, is "An act to provide for the incorporation of villages and to define their duties and powers and to repeal certain laws in relation thereto." Section 21 of the act defines the powers and authority of the village council. Subdivision "Fourth" of the section gives the village council power and authority "To limit and define the duties and powers of officers and agents of the village,

fix their compensation, and fill vacancies when no other provision is made by law; to call special elections, and to designate trustees to act as judges of elections."

It is argued that the phrase "when no other provision is made by law," following the words "and fill vacancies," should be construed to limit the preceding provisions granting power to fix the compensation of officers. The history of the general township organization law and of the 1885 village organization law does not indicate any intention to take from the villages organized under the 1885 act the power to fix the compensation of the village assessors. The legislature, by amending the 1885 act or by general law, could have fixed the compensation of village assessors, but does not appear to have done so. While the 1885 village organization act has been repealed, it remains in full force and effect as to villages organized and continuing to operate thereunder. 1 Mason Minn. St. 1927, § 1109.

As it stands, the act by clear and direct provision grants to the village councils power and authority to fix the compensation of such officers as the village assessor. The provision therein for fixing the compensation of village officers and agents was not intended to permit the members of the council to fix their own salaries or compensation, so § 54 of the act, since replaced by L. 1925, c. 116, fixes the salaries of the president and trustees, who are members of the council.

Plaintiff seeks to bring himself within L. 1927, c. 403: "An act to amend General Statutes 1923, section 1089, relating to the compensation of certain town officers." This is an amendment to what was originally R. L. 1866, c. 10, § 82, which chapter is headed "Township Organization." The original section, as well as the amendments thereto, fixes the compensation of township officers, including assessor, supervisors, and the township clerk. The 1866 law has passed through numerous amendments, as may be noted by reference to G. S. 1878, c. 10, § 86; G. S. 1894, § 1003; R. L. 1905, § 682; G. S. 1923, § 1089; 1 Mason Minn. St. 1927, § 1089; and the final amendment by L. 1933, c. 411.

All of these statutes and laws are under chapter headings: "Township Organization," "Towns," and "Towns and Town Officers," or under titles amending laws relating to "Townships," "Towns," or "Town Officers." Nothing in the original chapters or amending acts purports to relate to villages or to regulate them, except as therein specifically mentioned, as, for instance, provisions for separating villages from the town for certain purposes.

If, prior to the enactment of L. 1885, c. 145, under which defendant village is organized and operates, the township law as to compensation of township assessors applied to villages, then we are faced with this proposition: The law fixing the compensation of township assessors had been in force for some 20 years when the act of 1885 was passed. When the legislature then passed that act giving village councils, in villages organized thereunder, the power to fix the compensation of the village officers other than members of the council, the only reasonable construction would be that the legislature intended thereby to change the law so that the law fixing the compensation of township assessors should not apply to such villages and that in such villages the village councils should have the power to fix such compensation.

Reference is made to 2 Mason Minn. St. 1927, § 10933, being the section defining words and phrases. Subsection 22 of that section reads: "Town—The word 'town' may include cities, villages, boroughs, and districts, unless such construction would be repugnant to the provisions of any act especially relating thereto." To construe the word "town," as used in the township law, to be applicable to villages organized under L. 1885, c. 145, in reference to the fixing of the compensation of the village assessor, would be repugnant to the provisions of the 1885 act "especially relating" to the fixing of such compensation by the village council.

There is nothing in the acts amending R. L. 1866, c. 10, indicating any intention thereby to amend the provision of the 1885 village organization law as far as relates to the compensation of village assessors.

Whether in villages organized under laws other than L. 1885, c. 145, where the laws under which they are organized do not pro-

vide that the village council shall fix the compensation of the village officers such as the assessor, the compensation of such officer is governed by L. 1927, c. 403, we need not decide.

■ Villages in this state may be held to be governed by certain applicable provisions of the general statutes relating to townships when not otherwise provided for in the general village laws or the statute constituting the village charter. Bradish v. Lucken, 38 Minn. 186, 36 N. W. 454; Wellcome v. Town of Monticello, 41 Minn. 136, 42 N. W. 930; State ex rel. Warren v. Peltier, 103 Minn. 32, 114 N. W. 90; Ingersoll v. Town of Deer River, 125 Minn. 452, 147 N. W. 439.

Here it is otherwise provided in the statute constituting the village charter.

■ There is some claim that the compensation fixed by the village council is so inadequate for the services actually performed that the action of the council should be held unreasonable and be set aside or disregarded on that ground. The trial court duly considered this claim and held that the compensation fixed was not so unreasonably low as to warrant any interference by the courts. We concur in the view of the trial court on that question.

■ Under L. 1885, c. 145, the village assessor is an officer of the village.

The order appealed from is affirmed.